IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03-CR-31-MR-WCM

UNITED STATES OF AMERICA,           )
               Plaintiff,           )
                          )
vs.                                 )
                          )
HERBERT LAMONT BROWN,               )
               Defendant,           )
and                                 )
                          )
BLUE RIDGE PAPER PRODUCTS, LLC,)
                          )
             Garnishee.              )
_____

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer (Doc. 60), filed by Blue Ridge Paper Products, LLC (the "Garnishee"), and the Government's Motion for Order of Continuing Garnishment (the "Motion," Doc. 61).

I.    Relevant Background

On February 18, 2004, Defendant was sentenced to a term of imprisonment of 12 months and a term of supervised release of three (3) years. Doc. 22. Defendant was also ordered to pay a $100.00 assessment and restitution in the amount of $22,257.76. Id.

On January 19, 2023, the Court issued a Writ of Continuing Garnishment (the "Writ," Doc. 57).

1

The Government's documents indicate that a garnishment package containing the Writ and Instructions to Defendant was sent to Defendant by first-class certified mail on January 19, 2023, and that Defendant received it on January 25, 2023. Doc. 61-2.

A separate package was sent to on the Garnishee by first-class certified mail also on January 19, 2023. Id.

On April 25, 2023, the Garnishee's Answer (Doc. 60) was filed.

The Answer indicated that Defendant was employed by the Garnishee and that Defendant's net wages for the pay period ending March 9, 2023 were $1,975.07.

No certificate of service was attached to the Answer. However, the Government sent a copy of the Answer to Defendant by first-class mail on April 27, 2023. Doc. 61 at ¶ 7 n.1.

By the Motion, the Government now seeks an Order of Continuing Garnishment.

## II. Legal Standards

When the Government commences an action to enforce a judgment through the postjudgment remedies described in the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, et seq., it must prepare, and the clerk of court must issue, a notice in substantially the same form as the notice that appears in 28 U.S.C. § 3202(b) (the "3202(b) Notice"). A copy of the

2

application for the postjudgment remedy being sought, along with a copy of the 3202(b) Notice, is to be served by counsel for the Government on the debtor. 28 U.S.C. § 3202(c). Within 20 days after receiving the 3202(b) Notice, the debtor may request that the court hold a hearing and quash the order granting the Government's application. 28 U.S.C. § 3202(d).

In addition, when a garnishee responds to a writ of garnishment, the garnishee is to file its original answer with the court that issued the writ and to "serve a copy on the debtor and counsel for the United States." 28 U.S.C. § 3205(c)(4). The debtor or the United States may file a written objection to the garnishee's answer and request a hearing "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5).

### III. Discussion

In this case, the record indicates that the garnishment materials were received by Defendant on January 25, 2023. Therefore, the deadline to request a hearing on the Writ expired in February 2023.

The record further indicates that the Government mailed the Answer to Defendant on April 27, 2023. The undersigned will presume that the Answer was received within the following three days, such that Defendant's deadline to file a written objection to the Answer and request a hearing regarding the Answer expired in late–May, 2023. See Bott v. Sunrise Community for

Recovery and Wellness, No. 1:21-cr-16 (W.D.N.C. Oct. 14, 2022). The instant Motion was filed on June 6, 2023.

Defendant has made no objection to the garnishment materials and neither Defendant nor the Government has raised any objection to the Garnishee's Answer.

Further, Defendant has not made any filings in response to the Government's Motion, and the time for doing so has expired.

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Order of Continuing Garnishment (Doc. 61) is **GRANTED**; and an Order of Continuing Garnishment is **ENTERED** in the amount of $17,617.18, which is the balance of the debt as calculated through January 19, 2023, as represented by the Government.

2. The Garnishee is **DIRECTED** to pay the United States the maximum garnishment allowed pursuant to 15 U.S.C. § 1673, to the extent the Garnishee holds property in which Defendant has a nonexempt interest.

3. The payments shall continue until the subject debt is paid in full, until the Garnishee no longer has custody, possession, or control of any nonexempt property belonging to Defendant, or until further Order of the Court, whichever first occurs.

Signed: July 7, 2023

W. Carleton Metcalf
United States Magistrate Judge